The Honorable Mark Riable, Chair Board of Trustees, Arkansas School for the Blind and Arkansas School for the Deaf P.O. Box 3811 Little Rock, AR 72203
Dear Chairman Riable:
I am writing in response to your request for my opinion on several issues you have raised regarding Senate Bill 835. Specifically, you have asked me to address the following:
 Specific areas of concern that I have, are that the bill would change who is on the Board and simply say that there has to be two (2) "Advocates" for the blind community and two (2) "Advocates" for the deaf community.
How we determine what an advocate is, is not disclosed or described.
 Additionally, one of the two Advocates must be blind and the other must be deaf and have some other related qualifications.
 Is this discriminatory or is it reverse discrimination for non-deaf or non-blind persons[?]
 Also, is there an Americans with Disabilities Act question regarding how we determine whether someone is "blind" or "deaf"?
RESPONSE
Senate Bill 835 addresses the membership of the board of trustees of the Arkansas School for the Blind and the Arkansas School for the Deaf. The term "advocate" does not appear in the bill, which provides in pertinent part:
 (3)(A)(i) There shall be at all times two (2) members of the board who represent the interests of the deaf citizens.
 (ii) At least one (1) of the two (2) persons shall be a deaf person who fluently utilizes deaf sign language.
 (b)(i) There shall be at all times two (2) members of the board who represent the interests of blind citizens.
 (ii) At least one (1) of the two (2) members shall be a legally blind person, as required under § 25-17-205.
This statute straightforwardly provides that two members of the board, one of whom is deaf, will "represent the interests of the deaf" and two members of the board, one of whom is legally blind, will "represent the interests" of the blind. I do not feel these provisions invite elaborate interpretation. Although there may be some metaphysical debate about what it means to "represent the interests" of a particular group, as a practical matter I assume the designated representatives will qualify based simply on their professed alignment with the deaf and the blind communities. With respect to the blind member of the board, I assume "legal blindness" refers to the degree of impairment described at various points in the Code. See, e.g., A.C.A. § 20-76-419(a)(1) (a blind person is one who "[h]as no vision or whose vision, with correcting glasses, is so defective as to prevent the performance of ordinary activities for which eyesight is essential"); A.C.A. § 20-79-203(14) ("`Blind person' means a person who has: (A) Not more than 20/200 central visual acuity in the better eye after correction; or (B) An equally disabling loss of the visual field."); A.C.A. § 22-3-1301(1) ("`Blind' or `blind person' means a person having not more than 20/200 visual acuity in the better eye with correcting lenses, or visual acuity greater than 20/200 but with a limitation in the field of vision such that the widest diameter of the visual field subtends an angle of no greater than twenty degrees (200)."); accord A.C.A. §§ 25-10-202, 25-26-202, 26-51-501. The Code further variously defines a "deaf person" as follows: "An individual is deaf only if his average loss in the speech frequencies which are 500 to 2,000 Hertz in the better ear is 86 decibels, I.S.O. or worse," A.C.A. §26-51-501(2)(A); "`Deaf person' means a person with a hearing loss so great as to prevent his understanding language spoken in a normal tone," A.C.A. § 16-10-127(1). I am unaware of anything in the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., that would in any way qualify these definitions.
I see nothing suspect in the fact that the legislature would dictate that deaf and blind representatives serve on the board of trustees of the institutions charged with educating these two physically challenged groups. Requiring such representation only seems fitting, and I do not believe it amounts to reverse discrimination.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh